**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID B. THOMAS, | ) | CASE NO.  5:13 CV 2093 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| AKRON POLICE DEPARTMENT, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On August 21, 2013, *pro se* plaintiff David B. Thomas, filed this action against the Akron

Police Department pursuant to 42 U.S.C. § 1983, alleging the Akron police violated his civil rights.

Plaintiff also filed an application to proceed *in forma pauperis* in this action.  The application is

hereby granted.

In the Complaint, plaintiff alleges the Akron police have harassed and attacked him at the

direction of "the secret group known as the 'Illuminati'."  Specifically, he asserts that in March 2012,

after he reported to the Akron police his belief that the rapper "50 cent" set fire to his sister's home,

the police "pink slipped" him and took him to a local hospital, where he was held for five days for

a psychiatric evaluation.  In March 2013, plaintiff was again "pink slipped" by the Akron police and

held at a hospital for two hours.  Plaintiff states that in both instances, the police department acted

under secret orders from the Illuminati, who wished to "protect 50 cent."  He contends the "pink

slips" violated his civil rights.  He seeks an injunction compelling the Akron Police Department to

"leave [him] alone[,]" as well as $7 million in compensatory damages.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to

dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which

relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319

(1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d

194, 197 (6th Cir. 1996).

A cause of action fails to state a claim upon which relief may be granted when it lacks

"plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading

must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be

sufficient to raise the right to relief above the speculative level on the assumption that all the

allegations in the complaint are true. *Twombly*, 550 U.S. at 555.  The plaintiff is not required to

include detailed factual allegations, but must provide more than "an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers

legal conclusions or a simple recitation of the elements of a cause of action will not meet this

pleading standard. *Id.*

Principles requiring generous construction of *pro se* pleadings are not without limits.

*Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  District courts are not required

to conjure up questions never squarely presented to them or to construct full blown claims from

sentence fragments. *Id.* at 1278.  To do so would "require . . . [the courts] to explore exhaustively

all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its

legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and

most successful strategies for a party." *Id.* at 1278.  Dismissal is appropriate "when the facts alleged

rise to the level of the irrational or wholly incredible . . . ." *Denton v. Hernandez*, 504 U.S. 25, 112

-2-

(1992).  Even given the most liberal construction, the Complaint is devoid of factual allegations to

support plaintiff's claim that the City of Akron[1] violated his civil rights.  Plaintiff's claims are stated

solely as legal conclusions and, therefore, the Complaint does not state a valid claim for relief.

*Iqbal*, 556 U.S. at 678 .

Accordingly, Plaintiff's application to proceed *in forma pauperis* is granted and this action

is dismissed pursuant to 28 U.S.C. § 1915(e).  The Court certifies, pursuant to 28 U.S.C. §

1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Date: November 8, 2013                          */s/ John R. Adams*
                                                JOHN R. ADAMS
                                                UNITED STATES DISTRICT JUDGE

---

[1]

A municipal police department is not *sui juris* and suits against such entities are construed as brought against the municipality itself, because a judgment against a municipal police department imposes liability on the municipality. *Renz v. Willard Police Dep't*, No. 3:10 CV 202, 2010 WL 3789563, at *2 (N.D. Ohio Sept. 24, 2010); *see, also, Harris v. Sutton*, 183 Ohio App. 3d 616 (2009).  Accordingly, the Court construes plaintiff's claims against the Akron Police Department as against the City of Akron.

[2]

28 U.S.C. § 1915(a)(3) provides, "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."

-3-